IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES EDWARD THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:13cv00032 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By: Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on July 31, 2014, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff has filed objections to the report and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any

> issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such

2

general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple []he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.

In his objections to the report and recommendation, Thompson takes issue with the following findings of the magistrate judge: (1) that the Administrative Law Judge (ALJ) properly evaluated the medical opinions of Drs. Keilman and Shvygin; (2) that the ALJ properly evaluated Thompson's credibility; and (3) that the ALJ properly evaluated Thompson's obesity. These are essentially the same three arguments Thompson raised before the magistrate judge on summary judgment; indeed, portions of his objections are word-for-word recitations of the arguments Thompson previously raised. In spite of these

3

deficiencies, however, the court has conducted a de novo review of the portions of the magistrate judge's report to which Thompson objects and sets forth its findings below.

## A.[1]

In his report, the magistrate judge held that substantial evidence supports the ALJ's decision to give little weight to the opinion of Dr. Keilman and no weight to the opinion of Dr. Shvygin. The magistrate judge dedicates no less than thirteen pages of his report to this issue, setting forth the legal requirements under the treating physician rule and walking through the objective medical evidence in great detail before concluding that "[t]he ALJ's decision to accord less weight to the opinions of Drs. Keilman and Shvygin is supported by ample evidence in the record." Report & Recommendation, Dkt. # 17, at 14. Thompson's objections to the report focus less on whether there is objective evidence in the record to support the ALJ's decision in this regard and more on whether the ALJ appropriately articulated the basis for his decision.

> Plaintiff respectfully submits that the analysis provided by the Magistrate Judge reads far too much into the ALJ's decision. The ALJ stated that he gave "limited weight" to the opinions from treating physician, Dr. Keilman, on the basis that they were "not supported by the treatment records and other objective medical evidence of record" (Tr. 21). However, beyond this meaningless boilerplate he failed to identify any of the purported inconsistent findings. The ALJ gave "no weight" to the opinions from Dr. Shvygin because he found the opinions "not supported by objective findings or the claimant's treatment history" (Tr. 18). Again, he failed to point to any specific findings in the treatment records or specific objective findings that he believed were inconsistent with the medical opinions. It is important to a claimant that he understand why the government is finding him not disabled when his physicians tell him he is. An ALJ has a responsibility to the claimant and to a reviewing Court to give a meaningful discussion of how he came to his conclusion.

---

[1] Detailed facts about Thompson's impairments and medical and procedural history can be found in the report and recommendation (Dkt. # 17) and in the administrative transcript (Dkt. # 6). As such, they will not be repeated here.

4

> Hiding behind meaningless boilerplate is unfair to the claimant and frustrates the role of the District Judge in reviewing the decision.

Pl.'s Objections, Dkt. # 18, at 2-3. Thompson argues that the ALJ simply makes "vague reference to the treatment records/history and a conclusory statement that the findings therein were insufficient," id. at 3; see also id. at 5, and thus, "[t]he only logical conclusion is that the ALJ impermissibly relied on his lay judgment of the records and testing to make his RFC finding. This is strictly disallowed." Id. at 5.[2]

The court has reviewed the ALJ's decision and disagrees that he makes only vague reference to the medical records and "hid[es] behind meaningless boilerplate." "In the social security context, nearly all ALJ opinions contain significant amounts of boilerplate language." Schaller v. Colvin, No. 5:13-CV-334-D, 2014 WL 4537184, at *9 (E.D.N.C. Sept. 11, 2014) (citing Stephens v. Comm'r, No. SAG-12-1220, 2013 WL 1345085, at *3 n.2 (D. Md. Apr. 1, 2013)). An ALJ's use of boilerplate language does not necessarily equate to a failure to provide adequate reasoning for his decision.

In this case, the ALJ explicitly stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527, 416.927. (R. 19.) These regulations require the ALJ to consider: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). With respect to Dr. Shvygin's opinion, the ALJ explained that he gave no weight to the restrictions set forth in the November 9, 2010

---

[2] Thompson raised a similar, if not identical, argument on summary judgment. See Pl.'s Br., Dkt. # 10, at 8-12.

questionnaire because "they are not supported by objective findings or the claimant's treatment history." (R. 18.) As regards Dr. Keilman, the ALJ stated:

> [T]he undersigned gave limited weight to Dr. Keilman's restriction that the claimant can only stand/walk for 4 hours out of 8 and that the claimant would have numerous absences from work, as such findings are not supported by the treatment records and other objective medical evidence of record. (Exhibit 16F). The objective medical evidence supports a finding that the claimant is able to stand and walk 6 hours in an 8-hour workday, and has the overall ability to perform a range of light work on a sustained basis. The undersigned also notes that the claimant has recent past relevant work at the heavy exertional level, with no intervening accident or injury to support a finding that he is precluded from work at the light exertional level. The claimant's treatment history does not indicate that he would require excessive absences due to his impairments.

(R. 21.) The ALJ plainly explained his reasons for rejecting these opinions concerning Thompson's functional capacity, citing appropriate reasons pursuant to Johnson and the regulations. See Bishop v. Comm'r, No. 14-1042, 2014 WL 4347190, at *1 (4th Cir. Sept. 3, 2014) ("While the ALJ did not explicitly analyze each of the Johnson factors on the record, the ALJ was clear that he concluded that the doctor's opinion was not consistent with the record or supported by the medical evidence, which are appropriate reasons under Johnson."). Moreover, the ALJ walked through Thompson's treatment history and medical evidence a few pages earlier in his decision. (R. 16-19.) Taking the ALJ's opinion as a whole, it is clear that he considered the evidence of record and provided sufficient support for his decision. The regulations require the ALJ to "give good reasons" for not affording controlling weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "a point-by-point articulation of each inconsistency [between the treatment notes and a treating physician's opinion as to a claimant's functional capacity] is

6

not required for the court to understand the ALJ's reasons for weight given the opinion."
Hawley v. Colvin, No. 5:12-CV-260-FL, 2013 WL 6184954, at *4 (E.D.N.C. Nov. 25, 2013).

The court agrees with the magistrate judge that "[t]he ALJ's decision to accord less weight to the opinions of Drs. Keilman and Shvygin is supported by ample evidence in the record," for the reasons ably articulated by the magistrate judge. Report & Recommendation, Dkt. # 17, at 4-17. In sum, while the ALJ employed boilerplate language in his decision, the substance of his decision, as well as the record evidence, supports his finding that Thompson could perform a range of light work prior to May 14, 2011.[3]

**B.**

Thompson next argues that the magistrate judge erred by finding the ALJ properly evaluated his credibility. As he did in his summary judgment brief, Thompson asserts that his receipt of unemployment benefits does not mean that he could return to work. The magistrate judge correctly points out that this argument misses the mark. The fact that Thompson received unemployment benefits during the relevant period did not lead the ALJ to conclude Thompson could work. On the contrary, Thompson's inconsistent statements about this issue caused the ALJ to find him not credible. The ALJ explained:

> On his alleged onset date, the claimant said he was laid off due to lack of work. Later, the claimant said he was laid off because he was not doing his job very well. Until early 2011, the claimant received unemployment benefits. At his hearing, the claimant testified that he did not actually look for work while receiving unemployment benefits. However, there are notes in the medical evidence that indicate the claimant was actively looking for work.

(R. 20.) Here, the ALJ cited specific contradictory testimony and evidence in analyzing Thompson's credibility. He also noted that the objective medical evidence and treatment

---

[3] Thompson's age category changed as of May 14, 2011 and a finding of "disabled" was reached by direct application of Medical-Vocational Rule 202.01 as of that date. (R. 22.)

7

history do not support Thompson's allegations as to the severity of his functional limitations, citing Thompson's conservative treatment and unremarkable physical examinations. (R. 20.) The ALJ was in the best position to determine Thompson's credibility. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)). The court finds no reason to disturb the ALJ's credibility determination in this case.

## C.

Finally, Thompson argues that the magistrate judge erred by finding the ALJ adequately considered his obesity. Thompson contends that "[t]he ALJ's failure to even mention, let alone analyze, SSR 02-1p in conjunction with Mr. Thompson's severe obesity and the impact his obesity would have on his functional capacity or his other medical conditions was error." Pl.'s Objections, Dkt. # 18, at 8. Contrary to Thompson's assertions, however, the ALJ explicitly stated that "[p]ursuant to Social Security Ruling 02-01P, the undersigned considered the claimant's obesity as an aggravating factor to his combined impairments." (R. 17.) Additionally, the ALJ found Thompson's obesity to be a severe impairment (R. 16) and the medical records, which were reviewed and relied upon by the ALJ, document plaintiff's height and weight. As the magistrate judge notes, "[t]here is no requirement in the regulations that the ALJ include a lengthy or precise analysis [of obesity] in the opinion." Report & Recommendation, Dkt. # 17, at 20. Moreover,

8

Thompson fails to advance additional obesity-related functional limitations not accounted for by the ALJ in his residual functional capacity assessment. As such, the court finds no reason for remand on this basis.

### III.

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Thompson objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: September 25, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge